# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 7, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RANDY BOHALL,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1227**  (BOR Appeal No. 2049490)
(Claim No. 2014019798)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randy Bohall, by Robert Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Murray American Energy, Inc., by Denise Pentino and Aimee Stern, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 29, 2014, in which the Board affirmed a May 16, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 30, 2014, decision rejecting Mr. Bohall's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Bohall filed a Report of Injury after he slipped on ice in the course of his employment on December 16, 2013. The Report of Injury was signed by Gerald Booth, D.C., and listed a diagnosis of lumbar sprain/strain. The evidentiary record in the instant case is extensive and contains voluminous evidence documenting Mr. Bohall's extensive history of very severe, ongoing lower back pain dating to at least November 28, 2007, which is attributable to degenerative disc disease, radiculopathy, severe muscle spasms, and multiple disc herniations.

1

Further, the record indicates that Mr. Bohall underwent an L5-S1 surgical fusion on October 14, 2011, which apparently provided little to no relief.

The evidentiary record indicates that Dr. Booth began providing chiropractic care to Mr. Bohall approximately one month prior to the October 14, 2011, lumbar spine fusion and that Dr. Booth continued to provide chiropractic treatment on a regular basis up to and following the December 16, 2013, incident. Dr. Booth's treatment notes cover the period from September 2, 2011, through January 20, 2014, and document a continuous history of very severe low back pain radiating into the legs. Additionally, treatment notes from Renato De La Cruz, M.D., Mr. Bohall's primary care physician, cover the period from November 27, 2007, through March 6, 2014, and also document a continuous history of severe lower back pain from which Mr. Bohall appears to have little relief.

On January 30, 2014, the claims administrator rejected Mr. Bohall's application for workers' compensation benefits. In its Order affirming the claims administrator's decision, the Office of Judges held that Mr. Bohall has not established by a preponderance of the evidence that he incurred an injury in the course of and resulting from his employment. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated October 29, 2014. On appeal, Mr. Bohall asserts that the evidence of record demonstrates that he sustained an injury in the course of and resulting from his employment and his claim for workers' compensation benefits should therefore be held compensable.

The Office of Judges concluded that although the evidence of record demonstrates that Mr. Bohall did slip and fall on ice in the course of his employment, he has not demonstrated that he sustained an injury as a result of the incident. The Office of Judges noted that the evidence of record reveals that Mr. Bohall was continuing to receive treatment for severe ongoing lower back pain as recently as twelve days prior to the December 16, 2013, incident. The Office of Judges then found that treatment records received from Dr. Booth and Dr. De La Cruz reveal that Mr. Bohall's symptoms remained unchanged both before and after the December 16, 2013, incident. Further, the Office of Judges found that radiographic evidence obtained both before and after the December 16, 2013, incident reveals no change in Mr. Bohall's condition. Finally, in determining that Mr. Bohall did not sustain an injury as a result of the December 16, 2013, incident, the Office of Judges concluded that the evidentiary record reveals that Mr. Bohall has received consistent treatment for the same body part with the same symptoms shown throughout the course of treatment with no demonstrable change in his condition both before and after December 16, 2013. The Board of Review affirmed the reasoning and conclusions of the office of Judges.

We find that the decisions of the Board of Review and Office of Judges are based upon a material mischaracterization of the evidentiary record. The record clearly demonstrates that Mr. Bohall slipped on ice and fell during the course of his employment, and was diagnosed on the day of the incident with a lumbar sprain. Therefore, the evidence of record clearly demonstrates that Mr. Bohall suffered a lumbar sprain as the result of an isolated, fortuitous event that occurred in the course of and resulting from his employment. Although Mr. Bohall has an extensive history of severe lower back pain which continued to require treatment up to, and

2

beyond the date of injury, this does not preclude him from receiving workers' compensation benefits in connection with the isolated lower back injury received in the course of and resulting from his employment.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the case is remanded with an instruction to hold Mr. Bohall's claim compensable for a lumbar sprain/strain.

Reversed and remanded.

**ISSUED:  January 7, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Margaret L. Workman

**DISSENTING:**
Justice Brent D. Benjamin
Justice Allen H. Loughry II

LOUGHRY, J., dissenting:

The majority incorrectly reasons that the claimant sustained a compensable lumbar sprain in the course of and resulting from his employment on December 16, 2013. While there is no evidence in the record to dispute the claimant's report that he slipped and fell at work on December 16, 2013, there is also no evidence in the record that the claimant experienced a change in his lumbar condition as a result of this incident. Rather, the evidence indicates that the claimant has a substantial, prolonged history of low back pain that began in November of 2007. Moreover, the evidence shows that the claimant's current symptoms are the same as those he was experiencing prior to this incident. Critically, the radiographic diagnostic evidence of record before and after the date of the incident in question demonstrates no change in the claimant's lumbar condition. The claims administrator, Office of Judges, and Board of Review all correctly concluded that the because the record shows that Mr. Bohall's condition remained unchanged both before and after the December 16, 2013, incident, he has failed to demonstrate that he sustained an identifiable injury in the course of and resulting from his employment. West Virginia Code § 23-5-15(c) (2010) provides, in pertinent part:

> *If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim,* the decision of the board may be reversed or modified by the Supreme Court of

3

Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. *The court may not conduct a de novo re-weighing of the evidentiary record.*

(Emphasis added). Because it is clear that the majority has simply re-weighed the evidence to find in favor of Mr. Bohall, I respectfully dissent.